17521. MILLER & COMPANY *v.* CADILLAC COMPANY OF ATLANTA.

In this action to recover damages for injuries to an automobile, occasioned by the falling of an elevator in which the automobile was at the time being hoisted, even though it may have been established without dispute that the defendants had exercised all ordinary care in the matter of having the elevator inspected and kept in repair, there was yet evidence to authorize the inference that the defendants were negligent in other particulars, as alleged in the petition; and since this is true, the verdict in the plaintiff's favor was authorized. The court did not err in overruling the defendants' motion for a new trial, containing the usual general grounds only.

DECIDED JANUARY 24, 1927.

Damages; from city court of Atlanta—Judge Reid. April 17, 1926.

*McElreath & Scott,* for plaintiffs in error.
*George & John L. Westmoreland,* contra.

Appeal and Error, 4 C. J. p. 852, n. 56.
Bailments, 6 C. J. p. 1162, n. 32.

BELL, J. This case is here upon exceptions by the defendant to the overruling of its motion for a new trial after a verdict in favor of the plaintiff. The motion contained only the usual general grounds, and the sole question for determination is whether the verdict in the plaintiff's favor is supported by the evidence. The suit was against A. C. Miller & Company, a partnership, by Cadillac Company of Atlanta, as assignee, to recover for damage to an automobile, occasioned by the falling of an elevator used by the defendants in connection with their business of repairing and painting automobiles, and in which the automobile of the plaintiff's assignor was being hoisted at the time the elevator fell. The original petition alleged that the defendants were negligent in the following particulars: (1) In maintaining in their place of business, for carrying automobiles from one floor to another, an elevator that was insecure and unsafe for that purpose. (2) In putting the particular automobile, which was very heavy, upon an insecure and unsafe elevator when the defendants knew or by ordinary care should have known that the elevator might fall with such automobile upon the same. (3) In not regularly inspecting the elevator for defects. (4) In using the elevator as they did when they knew or by ordinary care should have known that the ropes and cables of the same were worn and rotten and incapable of holding the elevator and a heavy load upon the same. (5) In allowing the ropes and cables to become worn and rotten and in not replacing the same with sound ropes and cables. By amendment other specifications of negligence were added to the petition as follows: (6) "In maintaining an elevator in their hands that was old, antiquated, and not reasonably suited for the purpose of carrying said heavy automobiles such as the automobile of plaintiff. (7) "In not having installed in said elevator a safety device to prevent damage to automobiles in the event the usual running gear of the said elevator should break or give way, it being alleged in this connection that all modern elevators for the carrying of heavy freight, such as the automobile of the plaintiff, have such safety device, it being alleged in this connection that if the said elevator of the defendants had been properly equipped with such a safety device, that it would not have damaged the car of the plaintiff, even though the elevator had fallen." The amendment contained other charges of negligence which need not be stated. The evi-

dence showed that the elevator was operated by electrical power applied through a winding drum, to which four cables were attached by means of two Crosby clamps. It was discovered after the accident that no part of the elevator had broken, but that the cause of its falling was that two of the cables had pulled out of the clamps by which they were attached to the drum. The evidence further showed that the defendants had employed the Weekly Elevator Company to inspect and maintain the elevator in question. It is insisted that in the employment of this company for the purpose named, and in the service which it had performed under its employment, the defendants fully discharged all duty of care with respect to inspection and maintenance. Counsel for the defendants, here the plaintiffs in error, say in their brief: "The case, therefore, resolves itself to the narrow question: Did the Miller Company exercise ordinary care in the matter of attaching the two cables which pulled out of the drum, and ordinary care in inspecting the elevator for the purpose of discovering and repairing any defect in this specific matter?" This question represents the sole contention made by counsel for the plaintiff in error in this court. We can not concur in the position of counsel that no other issue was presented under the evidence. In our view of the case we may assume that the defendants exercised all ordinary care as to the matter of inspection and repair, because, even conceding their contention upon this point to be well taken, there was ample evidence to support one or more of the other allegations of negligence. The elevator had first been erected about 20 years before the accident, for the purpose of lifting buggies and wagons. The automobile which it was carrying when it fell weighed about 4,500 pounds. C. L. Trussell, Atlanta service manager of the Otis Elevator Company, who had been in the elevator business for a number of years, testified that the clamp used on this elevator was not practical for heavy elevators, and also that he would not think of using a Crosby clamp on an elevator under any circumstances. This witness further testified that he was actually acquainted with the elevator in question, and that he "would not recommend that elevator as being reasonably suited for carrying automobiles which weighed in the neighborhood of 4,000 to 4,500 pounds"; that its original carrying capacity was only about 5,000 pounds, and that this would vary according to its age and condition, probably decreasing as much as

25 per cent. in the 20 years of use, thus falling below the margin of safety required in lifting an automobile of the weight of the one involved in this case. Trussell was contradicted in several material particulars by evidence introduced by the defendants, but the jury had the right, nevertheless, to believe him, and their solution of the conflicts in the testimony is binding upon this court.

We think the evidence authorized a finding that the defendants were negligent as alleged in the first paragraph of the plaintiff's amendment, designated above as paragraph 6. Furthermore, there was, in our opinion, evidence in support of the charge that the defendants were negligent in not having installed in the elevator a safety device, as contained in paragraph 7 of the amendment. Without going into the evidence further, we are content to say that the verdict was amply supported; and this being true, this court, under the assignments of error, can not do otherwise than affirm the judgment.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*